**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| WILLIAM R. JACKSON, JR. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CASE NO. 4:12-CV-0235-CDL-MSH |
| STATE OF GEORGIA, et. al., | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants | : | |

**ORDER VACATING PREVIOUS REPORT AND RECOMMENDATION AND REPORT AND RECOMMENDATION**

A Report and Recommendation was previously filed in this case. In that Recommendation, it was recommended in the Conclusion that the Motion to Dismiss be denied. That statement was made in error. Thus, it is ordered that the previous Report and Recommendation be VACATED and that this Recommendation be substituted.

Presently pending before the Court is Defendants' Motion to Dismiss (ECF No. 36.) Plaintiff was given an opportunity to respond to the motion to dismiss and did so on April 1, 2013. (ECF No. 46.) As explained below, it is recommended that Defendants' Motion to Dismiss be granted.

**BACKGROUND**

In his amended complaint, Plaintiff alleges that on September 1, 2012, he was attacked by his cellmate with whom he had been having problems. (ECF No. 9.) Plaintiff claims a head injury and a wrist injury which required surgery. (*Id.* at 5.)

Plaintiff contends that the Defendants failed to protect him from his cellmate, opened his legal mail, and did not allow him to receive therapy for his injured wrist.[1] (*Id.*)

Defendants have moved to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff has failed to exhaust his available remedies prior to filing suit in this case and that Plaintiff failed to state a claim upon which relief could be granted. (Def.s' Br. in Supp. of Mot. to Dismiss 5, 13; ECF No. 36-1.)

**DISCUSSION**

**I. Standard of Review**

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff=s complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff=s claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes

[1] In his Response to the Motion to Dismiss, Plaintiff appears to add a claim of deliberate indifference because he was exposed to second hand smoke. (Pl.'s Resp. to Mot. to Dismiss, 13; ECF No. 46.) This claim will not be addressed, however, nor will any other claims Plaintiff raises in his Response pursuant to F.R.C.P. 15(a).

a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

**II. Failure to Exhaust**

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not

subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that Rutledge State Prison had a grievance procedure in place, but that Plaintiff failed to utilize all steps of this procedure. (Defs.' Mot. to Dismiss 6.) Plaintiff states in his Complaint that he did file an informal grievance, but that the prison officials "would not answer grievances, nor give formal grievances as of yet …" (Am. Compl. 3.) Plaintiff further states that he filed another informal grievance on September 5, 2012, and an emergency grievance on September 8, 2012. (Am. Compl. 4.) Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, the Court will assume that Plaintiff has created a question of fact regarding the availability of the administrative remedies. *Turner*, 541 F.3d at 1082; *see also Palmore v. Tucker*, -- F. App'x --, 2013 WL 3214689, *2 (11th Cir. 2013). Thus, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step.

Since the Complaint was not dismissed at the first step, the Court can now make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Defendants here have met that burden.

Defendants have established that Rutledge State Prison uses the Georgia Department of Corrections' Standard Operating Procedures (SOP) regarding grievances. (Douglass Aff. ¶ 4, ECF No. 36-2.) The SOP mandates that an inmate must follow a

three-step process in order to exhaust his remedies: file an informal grievance, file a formal grievance, and file an appeal. (*Id.* ¶¶ 5-10, Ex. 1 at 2-4.) An informal grievance "must be filed no later than 10 calendar days from the date" of the incident. (*Id.* Ex. A-1 at 5.) "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]" *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). Thus, in order for Plaintiff to have exhausted his administrative remedies, he needed to have filed an informal grievance, formal grievance, and appeal concerning his claims against the Defendants.

Defendants have presented evidence which shows that that during his incarceration at Rutledge, between January 5, 2012 and January 11, 2013, Plaintiff filed twelve informal grievances, but no formal grievances were filed as to any of those claims. (*Id.* at ¶12.) Between August 15, 2012 and September 1, 2012, Plaintiff filed only one informal grievance and that had to do with his mail. (*Id.* at ¶ 13.) It is noted that no formal grievance was filed as to that claim either. At no time did Plaintiff file any grievance concerning the attack by his cellmate or the failure of the officers to protect him from the attack. (*Id.* at ¶ 14.) The only grievance filed by Plaintiff regarding his cellmate was filed on September 26, 2012, wherein he complained of being laughed at by his former cellmate. (*Id.* at ¶ 15.)

Furthermore, as the Defendants assert in their motion, Plaintiff filed his first pleading in this case, a motion for appointment of counsel, a mere four days after he allegedly filed an informal grievance regarding the incident and only one day after he

claims he submitted an emergency grievance. (Defs' Mot. to Dismiss 13.) After being ordered to do so, Plaintiff filed his "Amended" Complaint which was signed by him on October 9, 2012, only one day after he admits he was prescribed therapy for his wrist on October 8, 2012. (Pl.'s Am. Compl. 5, ECF No. 9.) It is an impossibility, then, that Plaintiff would have had time to exhaust the grievance procedure prior to filing his complaint as he is required to by the PLRA.

To rebut the Defendants' claims, Plaintiff contends he was not provided an informal grievance to complain about the attack. (Pl.'s Resp. to Mot. to Dismiss 6, 7; ECF No. 46.) Plaintiff provides no explanation as to why he was allowed to file informal grievances about his other complaints but not this particular incident. Plaintiff also provides inconsistent statements. At one point, Plaintiff states that he did exhaust his grievance procedure in that he "did file, and tried to file complaints, grievances, letters, etc., all the way up to the Department of Corrections." (*Id.* at 3.) He further contends that he has receipts for the grievances made, but is not able to get copies. (*Id.* at 6.) In the next breath, Plaintiff admits that inmates have to request a formal grievance but that he did not receive one. (*Id.* at 7.)

It is more than apparent that Plaintiff did not follow the grievance procedures and failed to exhaust his administrative remedies regarding his failure to protect claim. Consequently, Defendants' motion to dismiss for failure to exhaust should be granted.

**III. Failure to State a Claim**

Defendants also seek dismissal of Plaintiff's claims due to his failure to state a claim upon which relief may be granted. (Defs.' Mot. to Dismiss 13.) Specifically,

Defendants argue that Plaintiff has failed to state a proper claim for failure to protect him from attack by a fellow inmate who, at the time, was his cellmate. (*Id.*)

For a valid failure to protect claim under the Eighth Amendment to be made, a plaintiff is required to assert facts that establish "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir.1995). Deliberate indifference entails that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In this case, taking Plaintiff's claims as true, it appears he may have made out a prima facie case of failure to protect him from harm from a fellow inmate. However, because Plaintiff failed to exhaust his available administrative remedies prior to filing his § 1983 complaint, this Court is without the authority to determine whether the facts as alleged by Plaintiff establish an Eighth Amendment violation.

**IV. Pending Motions**

Also currently pending in this case are Plaintiff's Motion for Relief Question of Fact (ECF No. 32), Motion for hearing (ECF No. 44), Motion to Dissolve Defendants' Motion to Stay (ECF No. 45), Motion for Discovery (ECF No. 50), Motion for Production of Documents (ECF No. 51), and Motion for a More Definite Statement (ECF No. 58). Because the Court is recommending granting Defendants' Motion to Dismiss

for Plaintiff's failure to exhaust his available remedies, it is further recommended that the pending motions in this case be denied as moot.

**CONCLUSION**

WHEREFORE, IT IS RECOMMENDED Defendant's motion to dismiss be GRANTED and that the pending motions this case be denied as MOOT. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 15th day of July, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE