**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| WILLIAM R. JACKSON, JR., | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 4:12-CV-235-CDL-MSH |
| | : | |
| STATE OF GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Presently pending before the Court is Plaintiff's "Motion of Certificate of Appealability and Denying Leave to Proceed on Appeal in forma pauperis." (ECF No. 92.)  This motion lacks any content other than citations to Federal Rules of Appellate Procedure Rule 3 and 5.  Mot. of COA 1.  Those rules explain the proper procedure for appealing as of right and by permission and are otherwise inapplicable to district court proceedings.  *See* Fed. R. App. P. 3, 5.  It appears that Plaintiff is attempting to appeal an unspecified order to the Eleventh Circuit but is unsure if he may appeal by right or must first seek leave of court.[1]

---

[1] Only certain types of interlocutory orders are appealable to a circuit court under 28 U.S.C. § 1292(a).  For an order that is not specifically listed in § 1292(a), a district judge can state that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b).  The circuit court could then have jurisdiction to consider an interlocutory appeal of that order "if application is made to it within ten days after the entry of

The only order from which Plaintiff may be reasonably seeking to appeal is an order entered by the magistrate judge on August 27, 2015, denying Plaintiff's motion to appoint counsel and finding as moot his motion for leave to proceed in forma pauperis.[2]  Am. Order 1-2, Aug. 27, 2015, ECF No. 90.  Plaintiff cannot pursue an appeal of this order to the Eleventh Circuit. *See, e.g., Thomas v. Bank of Am., N.A.,* 557 F. App'x 873, 875 (11th Cir. 2014) ("[The Eleventh Circuit] lack[s] jurisdiction to hear appeals directly from federal magistrate judges."). Instead, Plaintiff must file an appeal or objection to the district judge within fourteen days of the date of the contested order.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Plaintiff did not file his Motion of Certificate of Appealability until October 14, 2015, and thus did not timely object to the magistrate judge's order.  Mot. of COA 1.

---

the order[.]"  *Id.*

[2] Plaintiff also filed a motion seeking clarification of the magistrate judge's order.  Mot. for More Understanding for Case Being Moot 1-2, ECF No. 91.  It is clear from this motion that Plaintiff believed that the magistrate judge found Plaintiff's entire action to be moot.  This is not the case.  The magistrate judge denied Plaintiff's motion for leave to proceed in forma pauperis as moot because Plaintiff had already been granted IFP status.  Am. Order 2, Aug. 27, 2015; *see also* Order 2, Nov. 21, 2012, ECF No. 18.

Regardless, Plaintiff fails to provide any argument, factual or legal, to show that the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.  Plaintiff's untimely objections are without merit and his motion (ECF No. 92) is denied.

SO ORDERED this 15th day of July, 2016.

_S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA